UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: David Gorman,

Debtor.

Bankr. No. 00-40618
Adv. No. 00-4054

David Gorman,

Respondent,

Civ. File No. 01-864 (PAM)
Civ. File No. 01-1209 (PAM)

v.

**MEMORANDUM AND ORDER**

Automart, Inc., and
J. Anthony DeRungs,

Appellants.

---

This matter is before the Court on appeals from the Order of the United States Bankruptcy Court, denying Appellant's Motion for amended findings and conclusions or for a new trial. In addition, Appellant Automart, Inc. seeks permission to file an untimely notice of appeal from the Order for Judgment entered by the Bankruptcy Court, granting judgment in favor of Respondent David Gorman in his adversary case against Appellants Automart, Inc. and J. Anthony DeRungs. For the reasons that follow, the Bankruptcy Court's Order is affirmed, and Appellant's request for permission to file the untimely notice is denied.

**BACKGROUND**

Respondent David Gorman ("Gorman") commenced his Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Minnesota on February 8, 2000. On Schedule D of that Petition, Gorman listed Automart as a creditor secured by a lien on his automobile, a Ford Aerostar van. Schedule D listed the correct street address for

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 17 2001
DEPUTY CLERK

Automart, but the zip code given was off by one number. After filing for bankruptcy protection, Gorman and his family began the process of relocating to Louisville, Kentucky. On March 7, 2000, in violation of the automatic stay of 11 U.S.C. § 362(a)(6), Automart repossessed the vehicle from Kentucky. As a result of the repossession, Gorman lost the job he had secured in Kentucky. Gorman filed this adversary proceeding after attempts to persuade Automart to return the vehicle were unsuccessful.

In early March 2001, the Honorable Nancy C. Dreher held a two-day trial on Gorman's claims. On March 12, 2001, Judge Dreher issued her findings of fact and conclusions of law, finding in favor of Gorman on all claims and awarding him a total of more than $29,000 in actual damages, attorney's fees, and punitive damages.

On March 23, 2001, Automart filed a Motion for amended findings of fact and conclusions of law or for a new trial, pursuant to Bankruptcy Rule 9023. Rule 9023 mirrors Rule 59 of the Federal Rules of Civil Procedure. In ruling on Automart's Motion, Judge Dreher noted that the Motion was untimely under the Bankruptcy Rules, which require that Rule 9023 motions be filed within ten days of the entry of the findings of fact and conclusions of law.[1] Judge Dreher then considered the merits of Automart's Motion under Rule 9024, which mirrors Rule 60 of the Federal Rules. Rule 60 provides the means by which a party can seek relief from a judgment or order. Applying the principles of Rule 60,

[1] Unlike the Federal Rules of Civil Procedure, when calculating the time for filing pleadings the Bankruptcy Rules do not exclude weekends or holidays, unless the time allowed is less than eight days. Fed. R. Bankr. P. 9006(a).

Judge Dreher found that Automart had failed to show that it was entitled to relief from the March 12 judgment, and denied Automart's Motion in its entirety.

Automart now claims that Judge Dreher erred in denying Automart's Motion. In the alternative, Automart seeks permission from this Court to file an untimely notice of appeal from the March 12 judgment. Inexplicably, Automart filed two separate appeals in this matter. However, all of the briefs filed by Automart to date are captioned under docket number 01-864. Automart has filed no pleadings or any other papers in docket number 01-1209. Therefore, the Court will dismiss case number 01-1209 for failure to prosecute. See Fed. R. Civ. P. 55.

**DISCUSSION**

This Court has jurisdiction over final orders entered by the Bankruptcy Court. 28 U.S.C. § 158(a)(1). On appeal from a bankruptcy court proceeding, this Court reviews that court's legal conclusions de novo and its factual findings under a clearly erroneous standard. See Gourley v. Usery, 123 F.3d 1089, 1093 (8th Cir. 1997). However, "[a]ppeal from a decision on a motion for relief from judgment does not bring the original judgment up for review, and this court reviews the denial of a motion for relief from judgment for abuse of discretion." Sutherland v. ITT Continental Baking Co., 710 F.2d 473, 474-75 (8th Cir. 1983).

**A. Motion to File Untimely Appeal**

Automart contends that Judge Dreher erred in failing to allow Automart to file an

untimely Rule 9023 motion to alter or amend the March 12 judgment and seeks to file an untimely appeal from that judgment. Automart's contentions are difficult to follow, but it appears that Automart challenges Judge Dreher's decision on two grounds. First, Automart claims that computer problems precluded it from timely filing its Rule 9023 Motion, providing extenuating circumstances that should have tolled the ten-day filing period. Second, Automart alleges that comments by Judge Dreher led to Automart's failure to file a timely request to extend the time to file a Rule 9023 motion.[2]

Automart's contentions are unavailing. Under controlling Eighth Circuit law, an enlargement of time for filing a Rule 9023 motion, for any reason, is prohibited. In re Ellis, 72 F.3d 628, 631 (8th Cir. 1995) (citing Bankruptcy Rule 9006(b)(2)). Automart argues that the judicially created doctrine of unusual circumstances should provide relief from the holding of Ellis. Under this doctrine, an untimely filing may be excused when the filing party reasonably relied on an assurance by a judicial officer that the filing would not be untimely. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989). Automart claims that comments by Judge Dreher at an April 2000 hearing led Automart to believe that it would be allowed to file an untimely Rule 9023 motion.

Even construing Judge Dreher's comments in the light most favorable to Automart,

[2] Bankruptcy Rule 8002(c)(2) provides that the Bankruptcy Court may extend the time for filing appeals from judgments. If excusable neglect is shown, the Rule allows requests for such extensions to be filed within 20 days of the expiration of the time to file the notice of appeal. Thus, assuming the alleged computer problems constituted excusable neglect, Automart could have filed a request for an extension of time to file its appeal as late as April 11, 2001.

those comments do not support Automart's invocation of the unusual circumstances doctrine. At the time of the April hearing, the time for filing a Rule 9023 motion was long past. Moreover, Automart knew at the time the Motion was filed that it was untimely. To protect itself, Automart should have filed a request for an extension of time to file its Rule 9023 Motion immediately upon learning that its Motion would be untimely. Automart cannot blame Judge Dreher for its failure to do so.

**B. Appeal from Order Denying Relief from Judgment**

Automart contends that "new evidence" unearthed after the trial mandates a new trial in the matter. This "new evidence" consists in the main of Automart's contention that it can now prove that Gorman lied on the stand during the trial. Automart also asserts that the factual findings of the Bankruptcy Court are not supported by the evidence.

As noted above, this Court reviews the denial of a motion for relief from judgment only for abuse of discretion. Judge Dreher specifically considered the arguments Automart makes here in considering whether to grant Automart's Motion for Relief from Judgment. Judge Dreher found that the "new evidence" was in fact available to Automart prior to the trial, and that Automart's own lack of diligence in conducting discovery caused Automart's failure to discover the evidence. (Order of April 13, 2001, at 8.) Automart may not rely on this evidence to overturn Judge Dreher's denial of the Motion for Relief from Judgment.

Moreover, the March 12 judgment was based in large part on Judge Dreher's determination that Automart's witnesses were not credible. Credibility determinations are

solely the province of the trier of fact, and should not be disturbed unless clearly erroneous. See United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994) (district court's conclusions as to credibility of witnesses are "virtually unreviewable on appeal"). To the extent that Automart asks this Court to make credibility determinations that are different from those made by Judge Dreher, the Court declines to do so.

Automart has failed to show that the denial of its Motion for Relief from Judgment was an abuse of discretion. In addition, after carefully reviewing the record in this matter the Court is convinced that, should the Court review the underlying judgment under the standards of review for appeals noted above, the Court would conclude that the judgment of the Bankruptcy Court is correct.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1. The Order denying Appellant's Motion for Relief from Judgment of the United States Bankruptcy Court for the District of Minnesota is **AFFIRMED**; and
2. Appellant's appeal in docket number 01-1209 is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2001.

Paul A. Magnuson
United States District Court Judge

SEP 17 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500